FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2008 MAR 20 AM 8:24

CLERK C Odell
SO. DIST. OF GA.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR207-52 |
| | ) | |
| JOSEPH GARCIA | ) | |
| aka 'JOE GOLD" | ) | |

**PRELIMINARY ORDER OF FORFEITURE**

Before the Court is the United States' Motion for the issuance of a Preliminary Order of

Forfeiture. After careful consideration, it is HEREBY ORDERED and ADJUDGED:

1.      As the result of the guilty plea of Defendant Joseph Garcia to Count One of the

Indictment, for which the government sought forfeiture pursuant to 21 U.S.C. § 853, Defendant

Garcia shall forfeit to the United States his interest in:

I.      **PERSONAL PROPERTY**

A.      $67,790.00 in U.S. Currency;

B.      $5,000.00 in blank money orders;

C.      A 2007 Mercedes Benz, S550v, VIN: WDDNG1XX7A071139;

D.      All moneys, interest, receivables, cash and property contained in E-Gold Account # 2322677;

E.      All moneys, interest, receivables, cash and property contained in E-Gold Account # 2112835;

F.      All moneys, interest, receivables, cash and property contained in Washington Mutual Bank Account Number 387-49436-3;

G.      All moneys, interest, receivables, cash and property contained in E-bullion  Account #D21370;

H.      One HP Pavilion PC Laptop Computer, S/N CNF7105XDK;

I.    Mitsubishi Television, model WS-65315, S/N 114497; and

J.    Sanyo HDTV Integrated S/N 86270811134357.

2.    The Court has determined, based on Defendant Garcia's guilty plea, Consent to Forfeiture, and his Rule 11 hearing that the following specific property is subject to forfeiture as a result of Defendant Garcia's guilty plea as to the illegal acts alleged in Count One of the Indictment and which the government has established the requisite nexus between such property ("Subject Property") and the offenses to which Defendant Garcia has pled:

**I.    PERSONAL PROPERTY**

A.    $67,790.00 in U.S. Currency;

B.    $5,000.00 in blank money orders;

C.    A 2007 Mercedes Benz, S550v, VIN: WDDNG1XX7A071139;

D.    All moneys, interest, receivables, cash and property contained in E-Gold Account # 2322677;

E.    All moneys, interest, receivables, cash and property contained in E-Gold Account # 2112835;

F.    All moneys, interest, receivables, cash and property contained in Washington Mutual Bank Account Number 387-49436-3;

G.    All moneys, interest, receivables, cash and property contained in E-bullion Account #D21370;

H.    One HP Pavilion PC Laptop Computer, S/N CNF7105XDK;

I.    Mitsubishi Television, model WS-65315, S/N 114497; and

J.    Sanyo HDTV Integrated S/N 86270811134357.

3.    Upon the entry of this Order, the United States Marshal for the Southern District of Georgia shall seize the Subject Property.

4.     Upon the entry of this Order, the United States Attorney for the Southern District of Georgia is authorized to conduct any discovery he deems necessary to identify, locate or dispose of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

5.     Upon the entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

6.     The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

7.     Any person, other than Defendant Garcia, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or actual receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

8.     Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

9.     After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules

of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

11. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

SO ORDERED this _19th_ day of _March_ 2008.

Anthony A. Alaimo, Judge
United States District Court
Southern District of Georgia